# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JAMAAL RUSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 1:21-CV-04669-WMR-JCF |
| v. ) | Hon. William M. Ray II |
| ) | Mag. Judge J. Clay Fuller |
| LVNV FUNDING LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## PLAINTIFF'S MOTION TO DISMISS

Plaintiff hereby moves, by and through his undersigned counsel, to dismiss his claim pursuant to F.R.C.P. 41(A)(2) for the reasons set forth below.

## INTRODUCTION

Plaintiff brought this action under the Fair Debt Collection Practices Act ("FDCPA".) In short, Plaintiff's records show that Plaintiff submitted a request to remove a dispute remark to Defendant regarding its tradeline (Doc #1, ¶¶ 7-10) and that Defendant failed or refused to remove the inaccurate dispute comment (Doc #1, ¶ 12.) As this case has continued through discovery, Plaintiff has lost interest in pursuing the matter and wishes to dismiss the case. On August 16, 2022, Plaintiff inquired whether Defendant would agree to a stipulation of dismissal with each party

1

to bear its own costs and fees. Defendant's counsel responded stating that LVNV is unwilling to consent to a dismissal. The instant Motion follows.

## LAW AND ARGUMENT

Plaintiff moves to dismiss her case pursuant to Fed. R. Civ. P. 41(a)(2). In *Pontenberg v. Boston Scientific Corp.*, the Eleventh Circuit stated the applicable standard:

> The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2). 'In most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other [than] the mere prospect of a subsequent lawsuit as a result.' 'The crucial question to be determined is, Would the defendant lose any substantial right by the dismissal.' In exercising its 'broad equitable discretion under Rule 41(a)(2),' the district court must 'weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate.'"

*Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255-1256 (11th Cir. 2001) (Internal citations omitted).

This matter is still in the discovery period, although the discovery period ends on August 25, 2022. No depositions have been taken and no funds have been expended by either party on dispositive motions.[1] At this stage in litigation, no financial harm would come to Defendant from the dismissal.

## CONCLUSION

---

[1] Defendant has set the deposition of Plaintiff to be conducted on August 22, 2022. Plaintiff advised Defendant's counsel that the Plaintiff would be not be appearing, but the Defendant refused to cancel the deposition and insists on proceeding forward.

As Defendant clearly will not suffer any clear legal prejudice, Plaintiff hereby requests that his motion to dismiss be granted and that the case be dismissed in its entirety.

By: ***/s/ Daniel Brennan***
Daniel Brennan, Esq.
Credit Repair Lawyers of America
GA Bar Number 271142
39111 Six Mile Road, Suite 142
Livonia, MI 48152
Telephone: (248) 353-2882
Facsimile: (248) 353-4840
E-Mail: daniel@crlam.com
*Attorneys for Plaintiff,*
*Jamall Russ*

**Proof of Service**

I, J. Danny Brennan, hereby certifies that on August 19, 2022, I served a copy of the foregoing document upon all parties and counsel as their addresses appear of record via this Court's CM/ECF system.

/s/ Daniel M. Brennan